IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

NORTHROP GRUMMAN GUIDANCE AND )
ELECTRONICS COMPANY, INC., )
)
    Plaintiff, )
)
vs. )
) CASE No. 4:13-CV-01154-REL
EMPLOYERS INSURANCE COMPANY OF )
WAUSAU; ONEBEACON AMERICAN )
INSURANCE COMPANY, as successor to )
COMMERCIAL UNION INSURANCE )
COMPANY, as successor to EMPLOYERS' )
SURPLUS LINES INSURANCE )
COMPANY; CERTAIN UNDERWRITERS )
AT LLOYD'S LONDON; CERTAIN )
LONDON MARKET INSURANCE )
COMPANIES, )
)
    Defendants. )

## DEFENDANT ONEBEACON AMERICA INSURANCE COMPANY'S

## ANSWER TO PLAINTIFF'S COMPLAINT

DEFENDANT, OneBeacon America Insurance Company ("OneBeacon") answers the Complaint of Northrop Grumman Guidance and Electronics Company, Inc. ("Northrop") as follows:

1.     OneBeacon admits the allegations in paragraph 1 of the complaint.

2.     OneBeacon admits the allegations in paragraph 2 of the complaint.

3.     OneBeacon admits the allegations in paragraph 3 of the complaint.

4.     OneBeacon admits the allegations in paragraph 4 of the complaint.

5.     OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 5 of the complaint, and on that basis denies them.

6.     OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 6 of the complaint, and on that basis denies them.

## JURISDICTION

7. OneBeacon admits that the United States District Court for the Western District of Missouri has jurisdiction and that venue is proper in the United States District Court, but a more convenient forum may exist in another district court. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the remaining allegations in paragraph 7 of the complaint, and on that basis denies them.

8. OneBeacon admits the allegations in paragraph 8 of the complaint.

## THE INSURANCE POLICIES

9. OneBeacon admits the allegations in paragraph 9 of the complaint.

10. OneBeacon admits that the London policy was issued, effective May 2, 1964, but lacks sufficient knowledge or information to form a belief on the truthfulness of the remaining allegations in paragraph 10 of the complaint, and on that basis denies them.

11. OneBeacon admits that the London policy was issued, effective May 2, 1964, but lacks sufficient knowledge or information to form a belief on the truthfulness of the remaining allegations in paragraph 11 of the complaint, and on that basis denies them.

12. OneBeacon admits that the London policy was issued, effective February 2, 1966, but lacks sufficient knowledge or information to form a belief on the truthfulness of the remaining allegations in paragraph 12 of the complaint, and on that basis denies them.

13. OneBeacon admits that Policy No. E512806 was issued by Employers' Surplus Lines Insurance Company ("ESLIC"). OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the remaining allegations in paragraph 13 of the complaint, and on that basis denies them.

14. OneBeacon admits that the policy was issued by Wausau. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the remaining allegations in paragraph 14 of the complaint, and on that basis denies them.

15. OneBeacon admits that the Policy No. E512400 was issued by ESLIC. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the

remaining allegations in paragraph 15 of the complaint, and on that basis denies them.

## THE SPRINGFIELD SITE

16. OneBeacon admits that the Plaintiff operated a facility in Springfield, Missouri. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the remaining allegations in paragraph 16 of the complaint, and on that basis denies them.

17. OneBeacon admits that the Missouri Department of Natural Resources ("MDNR") asserted an administrative claim against Plaintiff. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the remaining allegations in paragraph 17 of the complaint, and on that basis denies them.

18. OneBeacon admits that Litton entered a Consent Decree in 1993 with MDNR without any notice to OneBeacon, but lacks sufficient knowledge or information to form a belief on the truthfulness of the remaining allegations in paragraph 18 of the complaint, and on that basis denies them.

19. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 19 of the complaint, and on that basis denies them.

20. OneBeacon admits that Plaintiff tendered the MDNR claims to OneBeacon in June and July 2004. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 20 of the complaint, and on that basis denies them.

21. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 21 of the complaint, and on that basis denies them.

22. OneBeacon admits that a lawsuit lodging a Consent Decree Settlement was filed in the Western District of Missouri, but lacks sufficient knowledge or information to form a belief on the truthfulness of the remaining allegations in paragraph 22 of the complaint, and on that basis denies them.

23. OneBeacon admits that a Consent Decree was lodged, but lacks sufficient knowledge or information to form a belief on the truthfulness of the remaining allegations in

paragraph 23 of the complaint, and on that basis denies them.

24. OneBeacon denies all the allegations in paragraph 24 of the complaint.

25. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 25 of the complaint, and on that basis denies them.

26. OneBeacon admits that Plaintiff tendered the MDNR lawsuit and the 2010 Consent Decree to OneBeacon and that OneBeacon denied the tender on March 4, 2011. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the remaining allegations in paragraph 26 of the complaint, and on that basis denies them.

27. OneBeacon denies all the allegations in paragraph 27 of the complaint.

28. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 28 of the complaint, and on that basis denies them.

## THE AIRTRON SITE

29. OneBeacon admits that the Plaintiff has been a subject of an environmental administrative cleanup action. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the remaining allegations in paragraph 29 of the complaint, and on that basis denies them.

30. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 30 of the complaint, and on that basis denies them.

31. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 31 of the complaint, and on that basis denies them.

32. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 32 of the complaint, and on that basis denies them.

33. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 33 of the complaint, and on that basis denies them.

34. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 34 of the complaint, and on that basis denies them.

35. OneBeacon lacks sufficient knowledge or information to form a belief on the

truthfulness of the allegations in paragraph 35 of the complaint, and on that basis denies them.

36. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 36 of the complaint, and on that basis denies them.

## THE KESTER SITE

37. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 37 of the complaint, and on that basis denies them.

38. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 38 of the complaint, and on that basis denies them.

39. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 39 of the complaint, and on that basis denies them.

40. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 40 of the complaint, and on that basis denies them.

41. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 41 of the complaint, and on that basis denies them.

42. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 42 of the complaint, and on that basis denies them.

43. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 43 of the complaint, and on that basis denies them.

## THE OLATHE SITE

44. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 44 of the complaint, and on that basis denies them.

45. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 45 of the complaint, and on that basis denies them.

46. OneBeacon admits Plaintiff tendered the KDHE action to OneBeacon in June 2010. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the remaining allegations in paragraph 46 of the complaint, and on that basis denies them.

47. OneBeacon denies all of the allegations in paragraph 47 of the complaint.

48. OneBeacon denies all the allegations in paragraph 48 of the complaint.

49. OneBeacon admits it acknowledged Plaintiff's tender and requested information, which Plaintiff did not provide. OneBeacon denies the remaining allegations in paragraph 49 of the complaint.

50. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 50 of the complaint, and on that basis denies them.

51. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 51 of the complaint, and on that basis denies them.

## THE DICKEY LAWSUIT

52. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 52 of the complaint, and on that basis denies them.

53. OneBeacon admits that the Plaintiff tendered a claim to OneBeacon. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 53 as to the other defendants.

54. OneBeacon lacks sufficient knowledge or information to form a belief in the truthfulness of the allegations in paragraph 54 of the complaint, and on that basis denies them.

55. OneBeacon admits that it denied coverage for the claim on December 5, 2011. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the remaining allegations in paragraph 55 of the complaint, and on that basis denies them.

56. OneBeacon denies all the allegations in paragraph 56 of the complaint.

57. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 57 of the complaint, and on that basis denies them.

## FIRST CAUSE OF ACTION

### Breach of Contract as to Wausau – Springfield Site

58. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 58 of the complaint, and on that basis denies them.

59. OneBeacon lacks sufficient knowledge or information to form a belief on the

truthfulness of the allegations in paragraph 59 of the complaint, and on that basis denies them.

60. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 60 of the complaint, and on that basis denies them.

61. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 61 of the complaint, and on that basis denies them.

62. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 62 of the complaint, and on that basis denies them.

## SECOND CAUSE OF ACTION

### Vexatious Refusal to Pay Pursuant to

### Mo. Rev. Stat. §375.420 as to Wausau – Springfield Site

63. OneBeacon hereby adopts and incorporates its answers to Paragraphs 1 through 28, inclusive.

64. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 64 of the complaint, and on that basis denies them.

65. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 65 of the complaint, and on that basis denies them.

66. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 66 of the complaint, and on that basis denies them.

## THIRD CAUSE OF ACTION

### Declaratory Relief as to Wausau – Springfield Site

67. OneBeacon hereby adopts and incorporates its answers to Paragraphs 1 through 28, and 58 through 66, inclusive.

68. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 69 of the complaint, and on that basis denies them.

69. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 69 of the complaint, and on that basis denies them.

## FOURTH CAUSE OF ACTION

### Declaratory Relief to London Market Companies

### And OneBeacon – Springfield Site

70. OneBeacon hereby adopts and incorporates its answers to Paragraphs 1 through 28, inclusive.

71. OneBeacon admits that an actual controversy exists between OneBeacon and Plaintiff, and that Plaintiff seeks a judicial determination as to the rights and responsibilities of the parties, but denies that Northrop is entitled to the relief it seeks or any relief at all.

72. OneBeacon admits the allegations in paragraph 72 of the complaint.

## FIFTH CAUSE OF ACTION

### Declaratory Relief as to Wausau– Airtron Site

73. OneBeacon hereby adopts and incorporates its answers to Paragraphs 1, 2, 4, 7, 8, 14 and 29 through 36, inclusive.

74. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 74 of the complaint, and on that basis denies them.

75. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 75 of the complaint, and on that basis denies them.

## SIXTH CAUSE OF ACTION

### Declaratory Relief as to Wausau – Kester Site

76. OneBeacon hereby adopts and incorporates its answers to Paragraphs 1, 2, 4, 7, 8, 14 and 37 through 43, inclusive.

77. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 77 of the complaint, and on that basis denies them.

78. OneBeacon lacks sufficient knowledge or information to form a belief on the truthfulness of the allegations in paragraph 78 of the complaint, and on that basis denies them.

## SEVENTH CAUSE OF ACTION

### Declaratory Relief as to OneBeacon – Olathe Site

79. OneBeacon hereby adopts and incorporates its answers to Paragraphs 1, 4, 7, 8, 13, 14 and 44 through 51, inclusive.

80. OneBeacon admits that an actual controversy exists between OneBeacon and Plaintiff, and that Plaintiff seeks a judicial determination as to the rights and responsibilities of the parties, but denies that Northrop is entitled to the relief it seeks or any relief at all.

81. OneBeacon admits the allegations in paragraph 81 of the complaint.

## EIGHT CAUSE OF ACTION

### Breach of Contract as to all Defendants – Dickey Lawsuit

82. OneBeacon hereby adopts and incorporates its answers to Paragraphs 1 through 15 and 52 through 57, inclusive.

83. OneBeacon denies all the allegations in paragraph 83 of the complaint.

84. OneBeacon denies all the allegations in paragraph 84 of the complaint.

85. OneBeacon denies all the allegations in paragraph 85 of the complaint.

86. OneBeacon denies all the allegations in paragraph 86 of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint and each cause of action, claim or request for relief therein fail to allege facts sufficient to state a cause of action against OneBeacon upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Northrop's Complaint fails to comply with FRCP 19, because there is a defective joinder/non-joinder of indispensable parties, specifically Northrop, Litton and Litton's other insurers. Because of this defective joinder/non-joinder of indispensable parties complete relief among the current parties cannot be granted.

### THIRD AFFIRMATIVE DEFENSE

3. Each claim and cause of action of the Complaint is barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

4. Each claim and cause of action of the Complaint is barred by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

5. Each claim and cause of action of the Complaint is barred, excused or diminished by the equitable doctrine of waiver and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

6. Each claim and cause of action of the Complaint is barred by or reduced because of Northrop's failure to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

7. Each of Northrop's claims against OneBeacon must fail to the extent there is no coverage for any of the subject claims under the subject OneBeacon insurance policies issued to Litton Industries Inc., to which Northrop is alleged to be a successor in interest.

## EIGHTH AFFIRMATIVE DEFENSE

8. Each of Northrop's claims against OneBeacon must fail to the extent the claims involve persons or entities who are not "insureds" under the OneBeacon policies.

## NINTH AFFIRMATIVE DEFENSE

9. Each of Northrop's claims against OneBeacon must fail to the extent any assignment of interest under the OneBeacon policies was made without OneBeacon's consent.

## TENTH AFFIRMATIVE DEFENSE

10. Each of Northrop's claims against OneBeacon must fail to the extent the relief sought or demanded in the claims are for amounts other than the amounts OneBeacon is or shall be obligated to pay as "damages."

## ELEVENTH AFFIRMATIVE DEFENSE

11. Each of Northrop's claims against OneBeacon must fail to the extent the environmental contamination at issue in the claims does not arise from an "accident" or "occurrence" under the OneBeacon policies.

### TWELFTH AFFIRMATIVE DEFENSE

12. Each of Northrop's claims against OneBeacon must fail to the extent the environmental contamination at issue in the claims did not cause property damage during OneBeacon's policy periods.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Each of Northrop's claims against OneBeacon must fail to the extent the environmental contamination at issue in the claims do not involve alleged or actual "property damage" as that phrase or used in the OneBeacon policies.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Each of Northrop's claims against OneBeacon must fail to the extent the claims at issue were expected or intended from the standpoint of the insured(s).

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Each of Northrop's claims against OneBeacon must fail to the extent the defense fees and/or cost including any environmental response costs made the subject of Northrop's claims are not reasonable and/or not necessary.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Each of Northrop's claims against OneBeacon must fail to the extent Northrop voluntarily made any payment, assumed any obligation or incurred any expense regarding the defense fees and/or cost incurred or presented for payment in the claims.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Each of Northrop's claims against OneBeacon must fail to the extent any insureds' (or their predecessors', assigns', agents' or employees') acts or omissions giving rise to the claims at issue were in violation of law and/or public policy, or were the result of willful, intentional or reckless acts.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Each of Northrop's claims against OneBeacon must fail to the extent Northrop's claims against OneBeacon exceed (i) the policy's limits of liability, (ii) the policy's per

{00149063.DOCX}
11
Case 4:13-cv-01154-SOW   Document 11   Filed 12/13/13   Page 11 of 15

occurrence and/or aggregate limits, (iii) other insurance, and (iv) the insureds' retention.

### NINETEENTH AFFIRMATIVE DEFENSE

19. If OneBeacon is adjudicated liable, to any extent, for defense or indemnity of the insureds in connection with any of the claims, OneBeacon is entitled to a declaration and adjudication as to the extent and amount of any such liability, taking into account all applicable insurance policies that the insureds and any additional named insured have or had with the other defendant insurers or any other insurance company, including Northrop and/or any self-insuranced retention by the insureds or any additional named insured, and all other such factors as may bear on this issue.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Each of Northrop's claims against OneBeacon must fail to the extent that each is barred by the applicable statute of limitations, including, but not limited to claims based on breach of written or non-written contract (breach of oral contract), breach of quasi-contract, statutory violations, fraud, property damage, bodily injury, malfeasance, negligence or statutory penalties.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Each of Northrop's claims against OneBeacon must fail, be barred or be limited in whole or in part to the extent any insured negligently or intentionally failed to disclose, concealed or misrepresented facts, including facts regarding the nature of its business operations, material to the risk undertaken by OneBeacon.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Each of Northrop's claims against OneBeacon must fail to the extent Northrop seeks to recover from OneBeacon costs and expenses incurred in connection with the claims prior to the tender of such action(s) to OneBeacon.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Each of Northrop's claims against OneBeacon must fail or is barred in whole or in part to the extent the underlying action(s) against arise from or relate to equitable relief or seek

economic loss, or diminution in value, not "damage."

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Each of Northrop's claims against OneBeacon must fail or be barred, in whole or in part, to the extent that any costs sought are costs of complying with federal, state or local rules, regulations, ordinances, laws or for reimbursement of remedial costs and/or other equitable remedies and do not constitute "damages" within the meaning of the OneBeacon policies.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Each of Northrop's claims against OneBeacon must fail or be barred, in whole or in part, to the extent that any sum sought constitutes a civil or criminal fine or penalty.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Each of Northrop's claims against OneBeacon must fail or be barred, in whole or in part, to the extent that the costs in the claims related to contamination or damage or injury to the insureds' own property, and are excluded under the OneBeacon policy.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Each of Northrop's claims against OneBeacon must fail or be barred to the extent any of the underlying claims did not constitute for "bodily injury" as defined under the terms of the OneBeacon policies.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Each of Northrop's claims against OneBeacon must fail or be barred to the extent that any of the underlying claims did not constitute a claim for "bodily injury" during the OneBeacon policy periods.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29. To the extent that this is an inconvenient forum given the location of parties, sites, documents and witnesses, this court should transfer to a more convenient district court.

## THIRTIETH AFFIRMATIVE DEFENSE

30. OneBeacon reserves the right to amend this answer, to assert additional affirmative defenses and to supplement, alter or change this answer and defenses upon revelation

of more definitive facts by the insureds or Northrop, and/or upon discovery and investigation in this matter. Additionally, by raising an issue as an affirmative defense that, in fact or law, is an issue which is properly raised by a denial, OneBeacon does not waive the right to put Northrop or anyone else to its proof.

OneBeacon denies that Plaintiff is entitled to the relief it seeks or any relief at all. OneBeacon request a declaration that:

1) there is no coverage for the claims at issue;

2) alternatively, a declaration of the rights and responsibilities of all parties;

3) all costs of suit including attorney fees; and

4) any relief that the court determines is just and proper.

Respectfully submitted:

/s/ James D. Griffin
James D. Griffin          MO# 33370
SCHARNHORST AST & KENNARD, P.C.
1100 Walnut, Suite 1950
Kansas City, Missouri  64106
Tel:  (816) 268-9400
Fax:  (816) 268-9409
E-mail:  jdg@sakfirm.com

and

Steven T. Adams (*pro hac vice* pending)
MUSICK, PEELER & GARRETT, LLP
One Wilshire Boulevard, Suite 2000
Los Angeles , CA 90017
Tel: (213) 629-7929
Fax: (213) 624-1376
E-mail: S.Adams@MPGLAW.com
*Attorneys for Defendant OneBeacon America Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December 2013, the above and foregoing was filed electronically via the Court's CM/ECF system, which sent electronic notification of such filing to all counsel of record in this matter.

/s/ James D. Griffin
Attorney